Hudson brought an action in the nature of trover and conversion, as executor of Hudson against Hudson, and declared that Hudson, the testator, was possessed and made his will, appointing the plaintiff his executor, and after his death the goods came to the hands of the defendant, who converted them. Non culp. was pleaded, and there was a verdict for the plaintiff. It was now moved in arrest of judgment that no possession is alleged in the plaintiff, and no trover supposed omnino by the defendant, except ut supra, and it is not said that the goods came to the defendant's hands by finding. It was argued that the possession of the testator was surplusage, as well as the plaintiff's naming himself executor, when the goods came to the defendant's hands, after the testator's death: as was adjudged this term inWorfield's case, postea, p. 220, where a man brought trover and conversion, naming himself executor; and it was adjudged upon a nonsuit that he should pay costs; for the conversion was after the death of the testator, and the naming himself executor was surplusage; which was allowed, per totamcuriam. Nevertheless, judgment was given for the plaintiff, because, although he has not alleged that he was possessed actually, yet on the matter expressed in the declaration the law implies as much. For the property draws of itself the possession of the goods, whereupon he may have trespass. As if one in London gives me his goods in York, and another takes them, I may have trespass. And as to this part of the declaration the verdict has found it so. Although there was no trover alleged, there was judgment, pro quaerente. 7 E., 3, 11, 12; 8 E., 3, 32.